d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA,          CIVIL DOCKET NO. 1:25-CR-00119
Plaintiff

VERSUS                                 JUDGE EDWARDS

SHANE MACK,          MAGISTRATE JUDGE PEREZ-MONTES
Defendants

---

## REPORT AND RECOMMENDATION

Before the Court is the Government's Motion to Determine the Mental Competency of the Defendant under 18 U.S.C. § 4241. ECF No. 46. The Government argues that Defendant Shane Mack is not presently competent to proceed to trial. Defendant did not oppose.

The overwhelming evidence is one-sided: Mack's psychiatric symptoms preclude him from fully understanding the nature and consequences of these proceedings and from meaningfully assisting his attorney in his own defense. The Motion (ECF No. 46) should therefore BE GRANTED, and Mack should thus be committed to an appropriate federal institution for further evaluation and treatment under § 4241(d).

I.    Background

This issue arises from a December 16, 2025 psychological evaluation by licensed psychologist Dr. Jennifer Russell, who opines that Defendant Shane Mack is

1

presently unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Mack is charged in a superseding indictment with one count of second-degree murder under 18 U.S.C. §§ 7(3), 1111. Mack was originally charged assault with a dangerous weapon with intent to do bodily harm. However, a superseding indictment issued charging second-degree murder and dismissing the original charge. Mack was arraigned on the superseding indictment on August 19, 2025, and pleaded not guilty.

On October 4, 2025, Mack moved for a psychiatric examination and to continue the then-scheduled December 8, 2025 trial. The Court granted the motion, upset the trial date, and ordered a psychiatric examination. Mack later filed the resulting mental competency report under seal.

On January 28, 2026, the Court held a video status conference with counsel to discuss the psychiatric examination and potential next steps. A formal motion followed, citing Dr. Russell's report and requesting a hearing under § 4241 and, if incompetency were found, commitment under § 4241(d). On March 4, 2026, the Court held a video competency hearing. Mack appeared by video from the jail with counsel, confirmed that he could see and hear, was admonished that he need not and should not speak, and remained quiet and attentive throughout.

At the hearing, Dr. Russell testified consistently with her report and was examined. Defense counsel adopted her conclusions and expressed concern about Mack's ability to communicate rationally and assist in his defense. The Government presented no contrary evidence, did not dispute Dr. Russell's opinions, and did not

oppose a finding of incompetency or commitment under § 4241(d) if incompetency were found.

## II.    Law and Analysis

### A.    Standards Governing Mental Competency Exams

A criminal defendant may not be tried unless he is competent; trying an incompetent defendant violates due process. Under *Dusky v. United States*, a defendant is competent if he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him. 362 U.S. 402, 402 (1960) (per curiam); *United States v. Perkins*, 84 F.4th 602, 612 (5th Cir. 2024).

Congress codified this standard in 18 U.S.C. § 4241. The Court must grant a competency hearing if there is "reasonable cause to believe the defendant may be suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings or to assist properly in his defense." *Id.* § 4241(a). After a hearing, if the Court finds by a preponderance of the evidence that the defendant is presently suffering from such a mental disease or defect, the Court must commit him to the custody of the Attorney General. The Attorney General must then hospitalize the defendant in a suitable facility for up to four months to determine whether there is a substantial probability that he will attain the capacity to permit the proceedings to go forward and may, under specified conditions, continue treatment for a further reasonable period.  If competency is not restored, civil-commitment proceedings under 18 U.S.C. §§ 4246–4248 may follow.

3

In making competency determinations, a court considers whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and when he has a rational as well as factual understanding of the proceedings against him." *Perkins*, 84 F.4th at 612 (internal citations and quotation omitted). Mental illness alone does not render a defendant incompetent; the illness must impair these capacities. *United States v. Lang*, 592 F. App'x 333, 334 (5th Cir. 2014) (per curiam) ("Although the record arguably shows that she suffered from anxiety and mental illness, such illness does not automatically render one legally incompetent.") (citing *Bouchillon v. Collins*, 907 F.2d 589, 593 (5th Cir. 1990))). In determining competency, courts consider prior medical opinions, the defendant's demeanor in court, any history of irrational behavior, and counsel's observations, together with the court's own observations. *United States v. Ruston*, 565 F.3d 892, 902 (5th Cir. 2009).

B.    <u>Psychiatric Evaluation and Hearing</u>

Dr. Russell diagnosed Mack with a psychotic disorder characterized by prominent delusional beliefs and disorganized thinking. She testified that Mack can identify basic features of criminal proceedings—for example, the role of a judge and the existence of pleas and trials—but that he cannot apply that information to his own case in a rational way. She also identified several fixed delusions: he believes his father works in federal "internal affairs" and that unnamed government or military operatives have already arranged his release such that he will not have to go to trial; he believes the alleged victim of the charged murder is still alive; and he holds

grandiose beliefs about his "financial etiquette" and "banking etiquette," including that his perceived financial expertise will influence the outcome of his criminal case.

Dr. Russell opined that these delusions prevent Mack from appreciating the reality, seriousness, and other implications of these criminal proceedings. When confronted with contrary information, he persists in his delusions, sometimes more strongly. She further testified that Mack cannot engage in rational, goal-directed discussion with counsel about defense strategy or evidence. When asked what his attorney should emphasize, Mack redirected to fanciful issues and unrelated incidents. And in similar contexts, he minimized the importance of his criminal defense, repeatedly asserting that a trial would not occur because his release was already arranged.

Defense counsel reported similar difficulties. Mack cannot sustain coherent discussion about the charges, evidence, or strategy; he fixates on unrelated matters and believes others will resolve his case for him. The Government did not challenge these accounts and agreed that § 4241(d) commitment is appropriate if the Court finds Mack incompetent.

### C.    <u>Dusky and the § 4241(d) factors</u>

This record strongly indicates that Mack lacks a full and rational understanding of the proceedings and the present ability to consult with counsel. Mack's fixed belief that unnamed government or military "internal affairs" operatives have already arranged his release and will secure his exoneration prevents him from rationally appreciating the nature and consequences of the criminal proceedings

against him. He does not accept that he is facing a serious second-degree murder charge that will be resolved through the adversarial process. His belief that the alleged victim is still alive distorts his understanding of both the factual and legal stakes of the case and undermines his ability to grasp the gravity of a homicide prosecution. His grandiose beliefs about his financial and banking "expertise" and his conviction that such knowledge will influence the outcome of his case further demonstrate that he lacks a rational understanding of the proceedings. Instead, his focus remains on unrelated business and financial topics rather than the evidence and legal issues in his criminal case.

Dr. Russell's testimony and defense counsel's statements show that Mack cannot engage in rational, goal-directed consultation. Again, when asked to discuss trial strategy or evidentiary issues, he shifts to irrelevant topics and dismisses the importance of preparing a defense, believing a trial will not occur. This conduct shows that he lacks the present ability to consult with his lawyer with a reasonable degree of rational understanding.

Although Mack may retain some basic factual understanding of courtroom roles and procedures, the record demonstrates that his psychiatric condition prevents him from appreciating or using that information to understand his own case and to assist his attorney. Mental illness alone is not determinative. But here the illness directly undermines both prongs of the *Dusky* test and the statutory standard in § 4241(d).

The Court therefore finds, by a preponderance of the evidence, that Mack is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

### D.    Commitment under § 4241(d)

Because Mack is presently incompetent, § 4241(d) requires that he be committed to the custody of the Attorney General. The Attorney General must hospitalize him in a suitable facility for treatment for a reasonable period, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

If, at the end of that initial period, there is a substantial probability that Mack will attain competency, the Court may authorize additional hospitalization for a reasonable time. If his mental condition has not so improved as to permit the proceedings to go forward, he may be subject to civil-commitment proceedings under §§ 4246–4248.

### III.    Conclusion

On this record, and in light of the parties' positions,

IT IS RECOMMENDED that the Motion to Determine the Mental Competency of the Defendant under 18 U.S.C. § 4241. ECF No. 46 be GRANTED, and that:

- Mack be COMMITTED to the custody of the Attorney General for hospitalization and treatment as required by § 4241(d);

- the Bureau of Prisons provide periodic written reports regarding his mental condition, treatment, and prognosis (including the likelihood that he will attain competency in the foreseeable future); and;

- at the conclusion of the § 4241(d)(1) period, the Court (on motion from Defendant) conduct further proceedings to determine whether Mack has been restored to competency or whether additional action under §§ 4241(d)(2), 4246, or 4248 is appropriate.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Crim. P. 59(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Crim. P. 45. A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, April 15, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

8